## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| TOBIN TORTELLA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JOWELL BULLARD, in his individual | § | NO. 2:11-CV-0113-J |
| capacity, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

### Memorandum Opinion

Plaintiff Tobin Tortella is suing Amarillo police officer Jowell Bullard in his individual capacity for violations of his civil rights. Defendant has moved for summary judgment, arguing qualified immunity.

### Facts

On January 9, 2011 at 2:00 a.m., Plaintiff Tortella exited the club Wild Card, located in downtown Amarillo. Plaintiff admits to drinking alcohol that evening but denies being intoxicated when he left the club.

A group of officers from the Amarillo Police Department were standing outside of Wild Card. Often Amarillo Police patrol the area to control crowds exiting a number of downtown bars. Defendant Bullard was one of those officers. Defendant Bullard testified he was called in to help with crowd control because of an earlier fight, and after arriving he began to order exiting bar patrons to leave the area.

Plaintiff testified in a video deposition that as he left the bar he saw the Defendant and three other officers. Plaintiff testified he approached Defendant and the other officers to ask if something had happened that required a police presence. He claims Defendant Bullard told him

to go home, and that if he did not leave the area, he would go to jail. Plaintiff testified that he then told Defendant he would go, and offered his hand to Defendant to shake, which Defendant refused. Plaintiff states that he told the Defendant he was waiting for a ride and walked away from the officer after being told to leave the area again.

A witness to the occurrence, Nikki Glover, stated in her deposition that she saw a large officer tell Plaintiff to leave, that Plaintiff told the officer he was waiting on a ride home, and, after the officer again told Plaintiff to leave the area, Plaintiff began to walk away. Ms. Glover states that as Plaintiff walked away, the officer followed him, said something to Plaintiff, and then began yelling at the Plaintiff to get up against the fence, which she testifies Plaintiff did. She states that she thought the officer then said something additional to Plaintiff and, as Plaintiff turned to respond, he was punched in the head and knocked to the ground. Plaintiff states in his deposition that he moved away from Defendant, and then an officer who he could not identify at the time pushed him to the ground and struck him twice in the face.

Defendant, in his motion for summary judgment, does not challenge that Plaintiff's injuries were the result of his use of force, or that Plaintiff sustained an injury. Defendant acknowledges he struck Plaintiff twice. Plaintiff testified that Defendant caused a cut on his face that required stitches, a broken nose, and a fractured rib. Defendant argues that his use of force was not clearly excessive, and that his actions were not objectively unreasonable given the current state of the law.

Defendant testified that Plaintiff, after the Defendant refused to shake his hand, grabbed the Defendant by his shirt and belligerently shouted he did not have to do what Defendant said. Defendant testified that he believed the Plaintiff was visibly intoxicated and, after Plaintiff grabbed his shirt, he decided to place Plaintiff under arrest for assault on a public servant and public intoxication. Plaintiff denies being intoxicated, and Ms. Glover testified that she spoke to

2

Plaintiff for fifteen minutes before the incident and he did not appear intoxicated, and that she observed the encounter between Plaintiff and Defendant.  Ms. Glover testified she did not see Plaintiff grab the Defendant.  Plaintiff denies grabbing the Defendant.

Defendant testified that he approached Plaintiff and told him he was under arrest, and Plaintiff responded by turning around and placing his hands in front of him.  Defendant testified he then grabbed Plaintiff by his right arm in order to control him.  Defendant testified that Plaintiff then shoved his shoulder into Defendant, which knocked the Defendant to the ground.  Defendant testified that Plaintiff then attempted to strike him, and, in his attempt, Plaintiff lost his balance and fell to the ground.

Defendant testifed that after being knocked to the ground, he stood back up and attempted to control Plaintiff, who had fallen to the ground after attempting to strike Defendant.  He alleges Plaintiff grasped his hands together in front of his chest so that Defendant could not control Plaintiff.  Defendant testified that, in order to gain control over the Plaintiff, he punched Plaintiff twice in the side of his head so Plaintiff would release his hands out from under his body.  Officers Samuel Martinez, and Dewayne Griffin, who were at the scene, assisted Defendant with the arrest.  Both give accounts of the incident that support Defendant's version of events.

Ms. Glover's deposition testimony supports Plaintiff's allegations.

Plaintiff is suing Defendant for violations under 42 U.S.C. § 1983.  He claims Defendant's actions violated his Fourth Amendment right against the use of excessive force, and his Fourteenth Amendment right to substantive due process.  Defendant argues he is entitled to qualified immunity.

## Legal Standard

A motion for summary judgment should be granted if the movant shows that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(a).

A party who moves for summary judgment has the burden of identifying the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).* To determine whether a genuine issue of material fact exists, courts must resolve all ambiguities of fact in favor of the non-moving party. *Id.* Summary judgment is mandated if the nonmovant fails to sufficiently establish the existence of an element essential to her case on which she bears the burden of proof at trial. *Nebraska v. Wyoming,* 507 U.S. 584, 590 (1993); *Celotex Corp.*, 477 U.S. at 322; *Cutrera v. Bd. of Supervisors of La. State Univ.,* 429 F.3d 108, 110 (5th Cir. 2005); *Patrick v. Ridge,* 394 F.3d 311, 315 (5th Cir. 2004).

## Qualified Immunity

Qualified immunity is a defense that protects government officials from suit when they exercise the discretionary functions of their office. See *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). In order to overcome a defense of qualified immunity, a plaintiff must establish that: "(1) the official violated a statutory or constitutional right, and (2) the right was 'clearly established at the time of the challenged conduct." *Morgan v. Swanson,* 659 F.3d 359, 371 (5th Cir. 2011)(citing *Ashcroft v. al-Kidd,* 131 S.Ct. 2074, 2080 (2011)). It is the plaintiff's burden to present evidence that a defendant is not entitled to qualified immunity when the defense is raised. *See Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001). The court may examine these factors in any order. *Pearson v. Callahan*, 555 U.S. 223 (2009) (overruling in part *Saucier v. Katz,* 553 U.S. 194 (2001)).

*Excessive Force*

Excessive force claims are reviewed as violations of the Fourth Amendment's protection against unreasonable seizure. *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 410 (5th Cir. 2009).  To support an allegation of excessive force, a plaintiff must show, "(1) an injury, (2) which resulted directly and only from the use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009)(citing *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007).  When examining whether the excessiveness was clearly unreasonable, a court should consider, "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).  Plaintiff alleges Defendant violated his Fourth Amendment right by using excessive force against him.

Plaintiff's account, supported by testimony from Nikki Glover, disputes Defendant's version of events.  Both Plaintiff and Ms. Glover testify that Plaintiff was not intoxicated (or did not seem to be, according to Ms. Glover), and that Defendant struck Plaintiff from behind.

Under those facts a reasonable officer should have known that striking an individual who is walking away from an officer and has shown no signs of resisting arrest was both clearly excessive and unreasonable.  Defendant does not allege Plaintiff was attempting to flee from him.  Plaintiff denies assaulting Defendant or being publicly intoxicated.  There is clearly a question of fact which must be resolved by the trier of fact

*Objective Reasonableness*

The Court must also consider whether the Defendant's use of force, though a violation of the Fourth Amendment, was nevertheless objectively reasonable in light of clearly established law at the time the challenged conduct occurred. *Bush v. Strain,* 513 F.3d 492, 501 (5th Cir.

1998). "The central concept is that of 'fair warning': The law can be clearly established 'despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights.'" *Id.* at 502 (citing *Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir. 2004)(en banc)(quoting *Hope v. Pelzer*, 536 U.S. 730, 740 (2002))). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham v. Connor*, 490 U.S. 386, 397 (1989).

In *Bush v. Strain*, the Fifth Circuit determined that an officer's actions were not objectively reasonable when there was a dispute of fact as to whether the plaintiff was resisting arrest when the defendant grabbed plaintiff's head and slammed it into a nearby vehicle. The Court found the law had clearly established that, "[A]lthough the right to make an arrest "'necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it,'" the permissible degree of force depends on the severity of the crime at issue, whether the suspect posed a threat to the officer's safety, and whether the suspect was resisting arrest or attempting to flee." *Id*. at 502 (citation omitted).

Again drawing all inferences in the light most favorable to the Plaintiff, Defendant's actions were objectively unreasonable. Plaintiff alleges he was walking away from Defendant, was not resisting arrest, and denies being intoxicated. Defendant does not allege Plaintiff was fleeing the scene. Although the area was crowded, and crowd control is a stressful and potentially dangerous situation for an officer, Plaintiff alleges he was leaving the Defendant's presence when Defendant began to use force against him, and was not a threat to the officer's safety at the time the officer struck Plaintiff.

6

**Plaintiff's Due Process Claim**

Plaintiff alleges that Defendant's actions violated his rights guaranteed by the Fourteenth Amendment's due process clause. Plaintiff's claim under the Fourteenth Amendment is based on his allegation that Defendant used excessive force against Plaintiff. The United States Supreme Court has found that claims of excessive force during an arrest or investigatory stop should be analyzed under the Fourth Amendment rather than the Fourteenth Amendment. *Graham v. Connor*, 490 U.S. 386 (1989) ("Where...the excessive force claim arises in the context of an arrest or investigatory stop...it is most properly characterized as one invoking the protections of the Fourth Amendment."). Accordingly, Plaintiff's claim under 28 U.S.C. § 1983 that Defendant violated a right under the Fourteenth Amendment is dismissed.

**Conclusion**

Defendant's request for summary judgment against Plaintiff's claim that Defendant violated his Fourth Amendment right against the use of excessive force is denied. Plaintiff's claim under 28 U.S.C. § 1983 that Defendant violated a right under the Fourteenth Amendment is dismissed with prejudice.

IT IS SO ORDERED.

Signed this the ____7th____ day of March, 2012.

**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**